**E-Filed 6/4/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONG THANH VO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>　　　　　　Defendants. | Case Number C 05-2200 JF<br><br>ORDER[1] DENYING RENEWED MOTION TO STAY ACTION AND GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>[re: docket no. 34, 41] |

　　Plaintiff Dong Thanh Vo renews his prior motion to stay the instant action. Defendant San Jose Police Department ("SJPD") moves to dismiss the operative amended complaint. For the reasons discussed below, the renewed motion to stay the action will be denied, and the motion to dismiss the complaint will be granted without leave to amend.

**I. BACKGROUND**

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-2200 JF
ORDER DENYING RENEWED MOTION TO STAY ACTION AND GRANTING MOTION TO DISMISS
WITHOUT LEAVE TO AMEND
(JFLC1)

1    Plaintiff filed his initial complaint in this action on May 31, 2005, naming defendants
2  SJPD, Delta Towing, Inc., and the Department of Motor Vehicles of the State of California.
3  Plaintiff alleged that his vehicle was impounded improperly by the SJPD and requested relief in
4  the form of the release of his vehicle as well as compensation for "suffering and/or unspecific
5  damage(s)."

6    On October 19, 2005, the Court denied without prejudice Plaintiff's first application to
7  proceed *in forma pauperis*, concluding that based on the facts alleged it did not have subject
8  matter jurisdiction. On March 1, 2006, the Court denied without prejudice Plaintiff's second
9  application to proceed *in forma pauperis*, again concluding that it did not have subject matter
10 jurisdiction. The Court instructed Plaintiff that it would not "grant any future application to
11 proceed *in forma pauperis* if Plaintiff has not amended his complaint such that it states a non-
12 frivolous claim over which this Court has jurisdiction." March 1, 2006 Order 2.

13   On September 29, 2006, Plaintiff filed an amended complaint. On October 3, 2006,
14 without leave of court, Plaintiff filed an amendment to this amended complaint. On October 25,
15 2006, SJPD moved to dismiss the action against it for failure to state a claim upon which relief
16 may be granted and for lack of subject matter jurisdiction. Plaintiff filed opposition to the
17 motion on January 12, 2007, the day of oral argument. In light of Plaintiff's *pro se* status, the
18 Court considered Plaintiff's opposition and granted the motion to dismiss with leave to amend.

19   On March 12, 2007, Plaintiff filed a further amended complaint ("the TAC"). On March
20 26, 2007, SJPD moved to dismiss the TAC for lack of subject matter jurisdiction and other
21 deficiencies. On May 18, 2007, and on May 23, 2007, Plaintiff filed untimely papers in
22 opposition. The Court heard oral argument on May 25, 2007.[2]

23   On March 29, 2007, Plaintiff moved to stay the action. The Court denied that motion on
24 April 5, 2007. On May 11, 2007, Plaintiff filed a motion that apparently renews his motion to
25 stay the action. The Court concludes that this motion is appropriate for decision without oral

---

[2] Notwithstanding their untimeliness, the Court has reviewed all documents filed by Plaintiff as of the date of this order.

2

Case No. C 05-2200 JF
ORDER DENYING RENEWED MOTION TO STAY ACTION AND GRANTING MOTION TO DISMISS
WITHOUT LEAVE TO AMEND
(JFLC1)

1 | argument under Civ. L.R. 7-1(b).

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

The renewed motion to stay does not explain why a stay would be appropriate. It refers to a number of different federal regulations and statutes, but these references are confusing, and it is unclear how the cited provisions relate to Plaintiff's action. References to social security proceedings and to a purported intervenor further confuse the renewed motion. Accordingly, the renewed motion to stay will be denied.

Like the previously-filed complaints, the TAC does not state a discernible legal claim against the SJPD. While it is apparent that the dispute stems from the impounding of Plaintiff's vehicle, Plaintiff does not indicate what actions form the basis of his complaint against the SJPD. Nor does Plaintiff identify a basis for this Court's subject matter jurisdiction; the parties are not diverse, and the complaint does not identify a federal statute or constitutional provision pursuant to which Plaintiff brings suit. Accordingly, the Court will dismiss the complaint. Despite numerous opportunities, Plaintiff has failed repeatedly to state a claim or to identify a relevant

3

Case No. C 05-2200 JF
ORDER DENYING RENEWED MOTION TO STAY ACTION AND GRANTING MOTION TO DISMISS
WITHOUT LEAVE TO AMEND
(JFLC1)

1  federal statute or other basis of jurisdiction.  Nothing in the opposition papers filed by Plaintiff
2  identifies a basis for jurisdiction.  The requests for a stay of the action refer to a purported
3  intervenor and to social security benefits; references that have no apparent connection to the
4  impounding of Plaintiff's vehicle and that thus do not suggest a basis for federal jurisdiction with
5  respect to that incident.  In response to a direct question from the Court, Plaintiff acknowledged
6  at oral argument that the case stems from the impounding of his vehicle, but he did not explain
7  why such a claim could not have been brought in state court after the exhaustion of the
8  appropriate administrative remedies.  Accordingly, the Court concludes that further amendment
9  of the complaint would be futile.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the renewed motion to stay the action is DENIED and that the motion to dismiss is GRANTED without leave to amend.[3]

DATED: June 4, 2007

_____
JEREMY FOGEL
United States District Judge

---

[3] Plaintiff apparently has never served two of the defendants named in his complaint, Delta Towing, Inc., and Department Motor Vehicles State of California.  Because the Court has concluded that it lacks subject matter jurisdiction, judgment will be entered as to all defendants.

4

Case No. C 05-2200 JF
ORDER DENYING RENEWED MOTION TO STAY ACTION AND GRANTING MOTION TO DISMISS
WITHOUT LEAVE TO AMEND
(JFLC1)

This Order has been served upon the following persons:

Nkia Desiree Richardson     cao.main@sanjoseca.gov, Eileen.Aparicio@sanjoseca.gov

Notice will be delivered by other means to:

Dong Thanh Vo
Post Office Box 24
San Jose, CA 95103

5
Case No. C 05-2200 JF
ORDER DENYING RENEWED MOTION TO STAY ACTION AND GRANTING MOTION TO DISMISS
WITHOUT LEAVE TO AMEND
(JFLC1)